YARRUT, Judge ad hoc.
Defendant appeals from a judgment in favor of plaintiff for $325 interest and costs, and a rejection of her reconventional demand.
Plaintiff is a licensed electrical contractor of many years’ experience. Defendant is the owner of a large building at 2313-15-17-19 London Avenue in New Orleans. While in the process of remodeling her building, defendant engaged plaintiff by verbal contract to do certain electrical work. Plaintiff contends the original agreement was for $325 and later there was a verbal agreement for extra work, done at cost of $125.
Defendant contends plaintiff agreed to do all the electrical work necessary to complete the remodeling, and that plaintiff was taken around the premises and shown what had to be done; that all work done by plaintiff, including the alleged extras, was necessary at the time of the original agreement for $325. Conversely, plaintiff contends that dtiring the work under the original *868 agreement, defendant made changes in the remodeling of her premises which required the extra electrical work.'
Defendant paid $125 on account of the work, leaving abalance of $200 which, together with $125 for extra work, and $16.50 for filing lien, makes up the claim of $341.-50.
Defendant reconvened for $727.65, of which $125 is the return of $125 paid on account, $102.65 cost of doing work plaintiff failed to do, and $500 damage for recording lien.
Prior to the contract with plaintiff, defendant had a bid from one electrical contractor, who did nothing. Next she employed a Mr. Thibault who.agreed to do the work for $368. His work was never completed and what was done was condemned by the city’s electrical inspector. Plaintiff then came upon the scene and undertook the electrical work.
The item of $102.65 included in defendant’s reconventional demand represents amount paid .by her to another electrical contractor for hanging electrical fixtures plaintiff agreed to do. Plaintiff admits he was to hang the fixtures, but when defendant failed to furnish the fixtures after repeated demands, and upon insistence of the city’s electrical inspector that the exposed wires in the outlets where the fixtures were to be hung had to be capped for the safety of the building and its tenants, he capped the outlets at the same cost of hanging the fixtures. Accordingly, plaintiff was not in default and not responsible for this item.
There is no dispute plaintiff did the work he now seeks payment for. The only issue is the $125 item of extra work and $102.65 item for hanging chandeliers.
While -the issue is strictly one of fact and the evidence is conflicting, there are certain circumstances that stand out boldly in favor of plaintiff: (1) The written agreement with Thibault, plaintiff’s predecessor, does not list any of the items of extra work claimed by plaintiff; (2) all agree that plaintiff was to receive $325 for correcting and completing Thibault’s work; (3)defendant was engaged in repairing her property for more than a year, plasterers, carpenters and electricians constantly coming and going; (4) plaintiff properly performed all the work except the hanging of the fixtures, which was satisfactorily explained; (5) defendant ran out of funds; and, lastly, Mr. Kobolt, the city’s electrical inspector, who made frequent trips of inspection during the progress of the work, testified he found many changes between visits in the arrangement of apartments.
“A. It was going to be used for •rooms, first. Then, first thing you knew, there was a kitchen set up and dining room and then like one separate apartment., Then they would have other sleeping rooms on the other side of the hali.”
In view of these changes while plaintiff was.on the job, the necessity for the extra work resulted, and it is reasonable to conclude that the agreement for it resulted.
We have carefully examined the record and agree with the conclusion of the district court in its judgment for plaintiff on the main demand and the dismissal of the reconventional demand.
Accordingly, the judgment appealed from is affirmed, appellant to pay all costs.
Affirmed.
McBRIDE, J., absent; takes no part.